UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
NICHOLAS J. GRASSO,

                        Plaintiff,

**VERIFIED COMPLAINT**
**CIVIL ACTION NO.**
**JURY TRIAL DEMANDED**

  - against -

JOSEPH F. GRASSO, JR., individually, and as Limited Administrator
of the Estate of Joseph F. Grasso, Sr.; ESTATE OF JOSEPH F. GRASSO SR.;
OLGA GRASSO, TERESA GRASSO; MICHELLE GRASSO;

                      Defendants.
-----------------------------------------------------------------------X

      Plaintiff, Nicholas J. Grasso, by and through his attorneys, Pennock, Breedlove & Noll, LLP. (Brian H. Breedlove, of Counsel), as and for a complaint against the defendants, and each of them, hereby states and alleges as follows:

## INTRODUCTION

      1.    Plaintiff brings this action seeking both compensatory and punitive damages from defendants, and each of them for fraud, conversion, fraudulent conveyance, illegal eavesdropping in violation of Florida statutes F.S.A. & 934.03, et seq. and for the imposition of a constructive and/or resultant trust on the proceeds of the sale of the real property at 50 Royal Way, Clearwater Beach, Florida (herein after referred to as "the motel property")and for judgment in an amount in excess of $775,000.00 with interest, costs and attorneys fees as permitted by law.

-2-

## PARTIES

2.   That Nicholas J. Grasso plaintiff herein is, and was, at all material times hereto a resident and domiciliary of the State of New York residing at ███████████, Schenectady, New York.

3.   Joseph F. Grasso, Sr. (herein after referred to as "decedent") was at all material times hereto a resident and domiciliary of the State of Florida having died as a resident of that State on December 24, 2008. His residence at the time of his death was ███████████, Clearwater, Florida.

4.   Joseph Grasso, Jr., is the son of Joseph F. Grasso, Sr. and he has at all material times hereto resided at ███████████ Tulsa, OK 74137.

5.   Joseph Grasso, Jr., has been appointed the limited administrator of the estate of his deceased father by the Saratoga County Surrogate Court by letters issued on August 18, 2009, a copy of which is attached hereto as Exhibit "A" and incorporated herein.

6.   Joseph Grasso, Jr., was granted an assignment in certain property and assets purportedly belonging to his father prior to his father's death.

7.   Joseph Grasso, Jr., is sued herein individually and as the limited administrator of his father's estate.

8.   That defendant Olga Grasso resides at ███████████, Tulsa, OK 74137. Olga Grasso is the decedent's wife and the mother of Joseph F. Grasso, Jr.

-3-

9. Michelle Grasso and Teresa Grasso are, and were, at all material times hereto residents of the State of Oklahoma. Jr. Michelle and Teresa Grasso are the daughters of Joseph F.Grasso Jr. and upon information and belief, attorneys at law.

10. That at all material times hereto the defendants and each of them are, and were, agents, representatives and/or joint ventures with the other, acting in concert in aiding and abetting each other as part of a conspiracy to defraud the plaintiff herein and are therefore responsible herein for the acts of the other.

## JURISDICTION AND VENUE

11. Jurisdiction is conferred on this Court, pursuant to 28 U.S.C. § 1332(a) because Plaintiff and Defendants are of diverse citizenship and the amount in controversy is in excess of the sum or value of $775,000.00 exclusive of interests and costs.

12. That Venue is proper in this Judicial District, pursuant to 28 U.S.C.§ 1391(a) (1) and (2) because plaintiff resides in this Judicial District and actions upon which this claim is based took place in this District.

## STATEMENT OF FACTS

13. That since July 30, 1988, the plaintiff and defendant Joseph F. Grasso, Sr. were the joint owners of the real property commonly known as 50 Royal Way, Clearwater Beach, Florida upon which Surf 'N Sand Motel Corporation, a Florida corporation, operated a motel.

14. That over an extended period of years and prior to August 23, 2001 certain disputes arose between the plaintiff and defendant Joseph F. Grasso, Sr. wherein Joseph Grasso, Sr. attempted by threats to extort both money and property from Nicholas Grasso.

-4-

15.  That defendant Joseph F. Grasso, Sr. by virtue of fraud, deception, artifice and misrepresentations secured a deed from Nicholas J. Grasso transferring all of his right title and interest to the real property commonly known as 50 Royal Way, Clearwater Beach, Florida [ *the motel property*] to Joseph Grasso, Sr.

16.  That Joseph Grasso, Sr. accepted said deed, recorded the same, and took title knowing full well that he had intentionally defrauded and tricked Nicholas Grasso.

17.  On March 27, 2002, Joseph Grasso, Sr filed a Summons with Notice in Schenectady County Clerk's office commencing an action in the New York State Supreme Court against his brother Nicholas Grasso and Hazel R. Rodriguez setting forth 12 causes of action for fraud, accounting, breach of fiduciary duty, negligence, impression of a trust, conversion, partition, conspiracy, filing a false 1099 form, intentional infliction of emotional distress, setting aside deeds of conveyance and breach of a purported executory contract.

18.  Nicholas Grasso answered and counterclaimed for fraud, breach of contract/accord and satisfaction, the imposition of a constructive trust and unjust enrichment. Nick Grasso sought judgment for, inter alia, in the amount of $750,000.00 with interest from September 2001 on his counterclaims arising from the fraudulent and/or unlawful taking of property in Florida jointly owned by plaintiff Nicholas Grasso and defendant Joseph Grasso, Sr.

19.  That on or about April 4, 2008, the parties agreed to send all issues pending in Supreme Court to binding arbitration before Hon. Leonard A. Weiss, retired Supreme Court Justice, as arbitrator.

-5-

20.     That an arbitration decision was reached which was subsequently confirmed in part and vacated in part by Order of the Supreme Court of the State of New York dated March 10, 2009 and as so confirmed and vacated finally determined all of the issues pending in that litigation and the doctrines of Collateral Estoppel and Res Judicata apply.

21.     That the Order of the Supreme Court of the State of New York dated March 10, 2009 finds and confirms in favor of Nicholas Grasso on his counterclaims that defendant Joseph Grasso, Sr. owes to Plaintiff Nicholas Grasso ½ of the proceeds of the sale of the real property commonly known as 50 Royal Way, Clearwater Beach, Florida which said sale price amounts to $1,550,000.00 together with interest paid on notes attendant with the sale and interest at the legal rate from March 10, 2009 subject to certain offsets.

22.     On June 16, 2004, which was during the pendency of the State Supreme Court action, the defendant herein, with the assistance of Joseph Grasso, Jr. and with the intent to defraud plaintiff and deprive him of his one-half interest in and to said property sold the motel property to an uninvolved third party known as Ardent International Limited Liability Company, a Florida limited liability company [*hereinafter also known as "Ardent"*].

23.     A Warranty Deed was prepared, which granted the Joseph Grasso, Sr.'s and his wife Olga's interest in the property to Ardent on June 16, 2004.  The original deed was filed in the Pinellas County, Florida, Clerk's Office on June 18, 2004.

24.     In consideration for the grant of the motel property, Joseph Grasso, Sr and Ardent entered into a series of other agreements.  These agreements consisted of a purchase money mortgage granting Joseph Grasso, Sr. a security interest in the property, a promissory note

-6-

indebting Ardent to the Joseph Grasso, Sr. in the amount of One Million Thirty Eight Thousand Six Hundred Six ($1,038,606.60) Dollar and Sixty Cents, and a Collateral Assignment of Leases, Rental Agreements, Rents and Profits further securing Joseph Grasso, Sr.'s interests. Copies of the aforesaid agreements were recorded in the Pinellas county Florida, Clerk's Office on June 18, 2004.

25. That defendant Joseph Grasso, Jr. participated and managed the sale of the property and the transfer of the proceeds therefrom and conspired with each of the other named defendants to deprive the plaintiff herein of his right to his portion of the proceeds of said sale.

26. That the proceeds from the sale of the motel property have been placed in a trust for the benefit of Joseph Grasso Jr.'s children.

27. That the monies belonging to Nicholas Grasso as proceeds of the sale of the motel property wrongfully and fraudulently procured from him have been hidden from him and wrongfully retained by the defendants and each of them. Each of the named defendants herein have conspired and acted in concert to hinder, deprive, and defraud Nicholas Grasso from recovering the monies to which he is entitled. That the name, location, trustees and beneficiaries of the trust are presently unknown to plaintiff other than the general description as children or grandchildren of Joseph Grasso Sr.

## AS AND FOR A FIRST CAUSE OF ACTION
## CONVERSION

28. Plaintiff repeats, restates and realleges each and every claim, allegation and statement contained in paragraphs 1 through 27 as if fully set forth herein.

-7-

29. That the defendants and each of them have converted to their own use and benefit and/or deprived the plaintiff from, by their actions, individually and in concert, that portion of the proceeds of the sale of the property commonly known as 50 Royal Way, Clearwater Beach, Florida which belong to Nicholas Grasso, plaintiff herein, in the amount of ½ of the sale price of $1,550,000.00 together with ½ the interest paid on notes attendant with the sale and interest at the legal rate of 9% from March 10, 2009.

30. That as a direct and proximate result of defendants' conduct, the plaintiff has been damaged in an amount in excess of One-Million dollars ($1,000,000.00) for which the defendants and each of them are jointly and severally liable together with interest, costs and attorneys fees.

31. That the conduct of the defendants and each of them was, and is, outrageous, reckless, deliberate, willful, fraudulent and done with criminal indifference to the rights of the plaintiff and plaintiff is thereby entitled to an award of punitive and/or exemplary damages in an amount in excess of $1,000,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION
## FRAUDULENT CONVEYANCE and FRAUDULENT CONCEALMENT

32. That Plaintiff repeats, restates and realleges each and every claim, allegation and statement contained in paragraphs 1 through 31 as if fully set forth herein.

33. That at all material times hereto the defendant Joseph Grasso, Sr. was a counterdefendant in the State of New York Supreme Court action as aforestated when he fraudulently converted to his own use, fraudulently concealed and conveyed the proceeds of the sale of the property commonly known as 50 Royal Way, Clearwater Beach, Florida which

-8-

belonged to Nicholas Grasso, plaintiff herein, in violation of the New York State Debtor and Creditor Law Section 270, 273, 273-a, 275, 276, 276-a, 278 and 279 et seq.

34. That as all material times hereto Joseph Grasso, Sr. fraudulently conveyed the proceeds of the sale of the property commonly known as 50 Royal Way, Clearwater Beach, Florida which belonged to Nicholas Grasso, plaintiff herein, in an amount equal to ½ of the sale price of $1,550,000.00 together with ½ the interest paid on notes attendant with said sale to his son Joseph Grasso, Jr., his wife, Olga Grasso and his grandchildren Michelle and Teresa Grasso, each of whom acted together and in concert and conspired to deprive plaintiff herein of his interest in and to said proceeds.

35. That defendants herein and each of them aided and abetted each other and acting in concert fraudulently concealed and/or converted the proceeds of the sale to their own use and/or transferred the proceeds into a trust or some other device or artifice, the beneficiaries of which include the defendants Michelle Grasso and Teresa Grasso and other family members, in order to hinder, delay, deprive, impair, impead, conceal, and defraud plaintiff herein and prevent him from recovering the proceeds of the sale which belong to him, all in violation of plaintiff's rights to his one-half interest in the property above described and he brings this action pursuant to New York State Debtor and Creditor Law Sections 270, 273, 273-a, 275, 276, 276-a, 278 and 279, et seq. for damages, costs and attorneys fees and the common law of the State of New York.

36. That as a direct and proximate result of defendants' conduct, the plaintiff has sustained actual compensatory damages in an amount in excess of One-Million dollars ($1,000,000.00) for which the defendants and each of them are jointly and severally liable

-9-

together with interest, costs and attorneys fees in accordance with the New York State Debtor and Creditor Law Sections 270, 273, 273-a, 275, 276, 276-a, 278 and 279, et seq. and the common law of the State of New York.

37. That the plaintiff seeks punitive and/or exemplary damages in an amount in excess of $1,000,000.00 from each of the defendants.

### AS AND FOR A THIRD CAUSE OF ACTION
### ILLEGAL WIRETAPPING FLORIDA STATUTE & 934.03 ET SEQ.

38. That Plaintiff repeats, restates and realleges each and every claim, allegation and statement contained in paragraphs 1 through 37 as if fully set forth herein.

39. That defendants Joseph Grasso, Sr. in concert with his son Joseph Grasso, Jr., his wife, Olga Grasso and his grandchildren Michelle and Teresa Grasso, and each of them, aided, abetted and conspired to, and did, illegally intercept and disclose wire, oral and/or electronic communications of the plaintiff Nicholas Grasso without his knowledge or consent in violation of the provisions of each Fla. Stat. § 934.03 et seq, and plaintiff brings this action pursuant to Fla. Stat. § 934.10 for actual and punitive damages as permitted.

40. That Defendants and each of them disclosed and re-disclosed the contents and/or purported contents of the illegally intercepted communications to others, including but not limited to, Frank Putorti, Esq. and upon information and belief associates and employees of Frank Putorti, Esq in violation of Fla. Stat. § 934.03 et seq. all to the damage of the plaintiff herein.

41. That Plaintiff seeks actual damages in accordance with the law and/or as proved to the court and jury together with attorneys fees, and costs as permitted by Florida Law.

-10-

42. That the plaintiff seeks punitive and/or exemplary damages in an amount in excess of $1,000,000.00 pursuant to Fla. Stat. § 934.10.

### FOURTH CAUSE OF ACTION
### CONSTRUCTIVE AND/OR RESULTANT TRUST

43. That Plaintiff repeats, restates and realleges each and every claim, allegation and statement contained in paragraphs 1 through 42 as if fully set forth herein.

44. That defendants and each of them have misappropriated the funds and proceeds as aforedescribed and the plaintiff seeks a determination that a constructive and/or resultant trust be imposed and impressed upon the proceeds of the sale of the property commonly known as 50 Royal Way, Clearwater Beach, Florida, or any properties held by the defendants in lieu thereof in order to make the plaintiff whole and in the amount in excess of $1,000,000.00 in accordance with the proof at trial.

### TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues, causes of action and damages.

### DEMAND FOR RELIEF

**WHEREFORE**, plaintiff demands judgment against the defendants, and each of them, jointly and severally as follows:

1. for compensatory damages on each and every cause of action herein in an amount in excess of $1,000,000.00 to be determined by the Court and/or Jury;

2. for punitive damages in an amount in excess of $1,000,000.00 to be determined by the Court and/or Jury;

-11-

3.   for attorneys fees, costs and disbursements herein in accordance with the law; and,

4.   for such other and further relief as the court may deem just and proper.

Dated: December __, 2009

_____
BRIAN H. BREEDLOVE, ESQ.
Bar Roll No. 301205
Pennock, Breedlove & Noll, LLP.
Attorneys for Plaintiff
1407 Route 9, Nine North, Bldg. 4
Clifton Park, New York 12065
(518) 383-9400

# **VERIFICATION**

STATE OF NEW YORK     )

COUNTY OF SCHENECTADY     )

      Nicholas J. Grasso, being duly sworn, deposes and says that deponent is the plaintiff in the within action; that deponent has read the foregoing Complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to those matter therein stated to be alleged upon information and belief, and that as to those matters deponent believes it to be true.

_____
NICHOLAS J. GRASSO, Plaintiff

Sworn to before me this 14th
day of December, 2009.

_____
NOTARY PUBLIC

CARMELA C. MURPHY
Notary Public, State of New York
No. 01MU6065300
Qualified in Albany County
Commission Expires 9-30-2010

# EXHIBIT A

At a Surrogate's Court of the State of New York held in and for the County of Saratoga, at Ballston Spa, New York on August 1\_\_, 2009.

SCANNED AUG 1 8 2009

PRESENT: HON. HARRY W. SEIBERT, JR., SURROGATE

| ADMINISTRATION PROCEEDING | DECREE APPOINTING |
|---|---|
| Estate of | LIMITED ADMINISTRATOR |
| JOSEPH F. GRASSO, a/k/a Joseph F. Grasso, Sr. | File 2009-317 |
| Deceased. | |

A petition having been filed by **Nicholas J. Grasso** praying that administration of the goods, chattels and credits of the above-named decedent be granted to **Joseph F. Grasso, Jr.**; and all persons named in such petition, required to be cited, having been duly cited to show cause why such relief should not be granted or having duly waived the issuance of such citation and consented thereto; and it appearing that **Joseph F. Grasso, Jr.** is in all respects competent to act as administrator of the estate of said deceased, and a bond having been dispensed with and such representative otherwise having qualified therefor; and pursuant to the Stipulation and Order of Substitution signed by the Hon. Stephen A. Ferradino, Justice of the Supreme Court, and entered on February 10, 2009 at the Schenectady County Clerk's Office, it is

**ORDERED AND DECREED** that Limited Letters of Administration issue to Joseph F. Grasso, Jr., and it is further

**ORDERED AND DECREED** that the authority of such representative be restricted in accordance with, and that letters herein issued contain the limitation which appears immediately below, and which is set forth in the above-referenced Stipulation and Order of Substitution.

**LIMITATIONS:** Letters are limited for purposes of litigating, contesting, resolving and/or otherwise proceeding and/or disposing of the: 1) Plenary Action, Joseph F. Grasso, Jr., individually and as Limited Administrator of the Estate of Joseph F. Grasso, Sr., versus Nicholas J. Grasso and Hazel Rodriguez; 2) Article 75 proceeding, Nicholas J. Grasso, Trans-American Management Corp., a New York corporation, and Anna Grasso, versus Joseph F. Grasso, Jr., as Limited Administrator of the Estate of Joseph F. Grasso, Sr., Index#2002-586, Case #46-1-2002-0467 and Case #46-1-2008-1547; and all of the claims and counterclaims associated therewith and any other ancillary actions and/or proceedings.

_____
Surrogate