UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NICHOLAS J. GRASSO,

                       Plaintiff,

    -against-                                  1:09-CV-1401 (LEK/RFT)

ESTATE OF JOSEPH GRASSO, SR.;
MICHELLE GRASSO, as the Successor
Limited Administratrix of the Estate of
JOSEPH F. GRASSO, SR.; and
MICHELLE GRASSO, as the Limited
Administratrix of the Estate of JOSEPH F.
GRASSO, JR.

                       Defendants.
_____

## ORDER

Presently before the Court is Plaintiff's Motion for partial reconsideration of this Court's September 22, 2010 Memorandum-Decision and Order (Dkt. No. 26) (the "September Order"). Mot. for reconsideration (Dkt. No. 27). For the reasons that follow, that Motion is granted.

**I.    BACKGROUND**

Nicholas J. Grasso commenced this diversity action against the Estate of Joseph F. Grasso, Sr., Joseph F. Grasso, Jr., Olga Grasso, Teresa Grasso, and Michelle Grasso; the Amended Complaint announced four causes of action against each Defendant: conversion, fraudulent conveyance, illegal eavesdropping, the imposition of a constructive and/or resultant trust. Am. Compl. (Dkt. No. 15). This action continues a litigation saga between two brothers that has spanned nearly a decade and follows an action in New York State Supreme Court (the "state action") filed by Joseph F. Grasso, Sr. against Nicholas Grasso, and prolonged arbitration. For an overview of the facts underlying this action, attention is directed to this Court's September Order.

On September 22, 2010, upon Defendants' Motion to dismiss (Dkt. No. 14), the Court found that it could properly exercise jurisdiction over the Estate of Joseph Grasso, Sr. (the "Estate") and over Joseph Grasso, Jr., in his capacity as administrator of the estate, as they "consented to jurisdiction in New York State insofar as they initiated and continued lawsuits related to the instant action in that state" and "having purposely availed themselves of the New York courts, the exercise of jurisdiction over these Defendants comports with constitutional due process." September Order at 8 (citing N.Y. C.P.L.R. § 301; Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985)). The Court found no such basis for jurisdiction over Joseph Grasso, Jr., individually.[1] Id. at 9-11.

The Court further determined that Plaintiff was precluded from raising his conversion claim because it is identical to the counterclaim he raised in the prior state court action. Id. The Court dismissed Plaintiff's illegal eavesdropping claims, finding that they are time barred and/or fail as a matter of law. Id. Finally, the Court ruled that Plaintiff is estopped from seeking the imposition of a constructive and/or resultant trust against the Estate or its administrator, as he had the opportunity to raise this claim in a prior state action, and failed to do so. Hence, following the Court's September Order, the Estate and its administrator were left as the sole Defendants in this action, and only Plaintiff's third cause of action for fraudulent conveyance remained. Id.

On October 4, 2010, Plaintiff filed the instant Motion seeking reconsideration of the Court's determination that it lacks personal jurisdiction over Joseph Grasso, Jr., in his individual capacity. Plaintiff urges that the Court's determination in this regard was based on a factual oversight and, if allowed to stand, would result in manifest injustice. Plaintiff directs the Court's attention to

---

[1] The Court also determined that it lacked personal jurisdiction over Olga Grasso, Teresa Grasso, and Michelle Grasso, and dismissed all claims against them. Dkt. No. 26. The

2

evidence in the record showing that, on February 6, 2009, Joseph Grasso, Jr., individually, consented to jurisdiction in New York State when he substituted in as a plaintiff and the real party in interest pursuant to an October 25, 2008 assignment and transfer of all of his father's property and all claims, rights, or causes of action that Joseph Grasso, Sr. had against his brother, Nicholas Grasso.[2]  Breedlove Aff. (Dkt. No. 27-1) ¶ 8 (referencing Def.'s Mot. to dismiss, Exs. P, Q (Dkt. No. 12-6)).

## II.    DISCUSSION

### A. Reconsideration

The standard for granting a motion for reconsideration is strict, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  There are three primary grounds on which the Court may grant a motion for reconsideration: (1) an intervening change in law, (2) the availability of evidence not previously available, and (3) the need to correct a clear error or prevent manifest injustice.  See Virgin v. Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).

In this case, the Court finds the above standard is met.  Plaintiff has pointed to factual evidence in the record that the Court overlooked in reaching its original determination that it may not properly exercise jurisdiction over Joseph Grasso, Jr.'s person.  The Court finds that this

---

[2] Joseph Grasso, Jr. died on October 3, 2010, after the issuance of the September Order and subsequent to the filing of Plaintiff's Motion for Reconsideration.  On November 18, 2010, the undersigned approved a Stipulation (Dkt. No. 32) by which the parties agreed that Michelle Grasso be substituted as the Defendant in the place and stead of Joseph F. Grasso, deceased and Joseph F. Grasso, Jr., deceased.  Dkt. No. 33.

3

evidence compels the opposite result, and that failure to amend its earlier decision in light of this evidence would lead to manifest injustice to Plaintiff, namely the wrongful dismissal of his claims against Joseph Grasso, Jr., in his individual capacity.  Accordingly, because evidence in the record clearly indicates that Joseph Grasso, Jr. did consent to jurisdiction in his individual capacity, see Dkt. No. 12-6, Ex. Q, N.Y. C.P.L.R. § 301, and because the grounds for such jurisdiction comports with the requirements of due process, see Burger King, 471 U.S. at 475-76, the Court reverses its prior ruling in this regard.

### B. Claims Against Joseph Grasso, Jr.

In its September Order, the Court dismissed all but Plaintiff's fraudulent conveyance cause of action against those parties over whom it has jurisdiction.  See September Order.  That same result obtains as to Joseph Grasso, Jr., in his individual capacity.

The Court found that Plaintiff was precluded from bringing his conversion claim as it was identical to a claim brought in the state action.  This remains true despite the inclusion of Defendant Joseph Grasso, Jr. as a Defendant.  Id.  The Court also ruled that Plaintiff's eavesdropping claims were time barred or otherwise invalid as a matter of law.  Id.  The inclusion of Joseph Grasso, Jr. as a Defendant does not alter that conclusion.  The same holds true with regard to the Court's determination that Plaintiff is estopped from seeking the imposition of a constructive trust.  Id.

### IV. CONCLUSION

Accordingly, it is hereby

**ORDERED**, that Plaintiff's Motion for reconsideration (Dkt. No. 27) is **GRANTED** consistent with this opinion; and it is further

**ORDERED**, that Joseph Grasso, Jr., in his individual capacity, is reinstated as a Defendant

in this action; and it is further

      **ORDERED**, that the Clerk serve a copy of this Order on the parties.

      **IT IS SO ORDERED.**

DATED:  December 24, 2010
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge